[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appeals from the defendant's decision denying her benefits under the unemployment compensation statutes. Her employment in Connecticut was terminated when she left the state to accompany her husband, whose own employer had transferred him to Massachusetts. Her claim for unemployment compensation benefits was denied pursuant to C.G.S. 31-236 (a)(A) on the basis that she left work voluntarily and without sufficient cause connected with her work. CT Page 3807
The plaintiff does not contest the defendant's findings that she left work in order to relocate with her husband. Instead, she contends (1) that she was discriminated against on account of her sex and (2) that the economic circumstances of her family forced her to leave and that such termination was not, therefore, "voluntary."
With respect to the plaintiff's first claim concerning sex discrimination, there is absolutely nothing in the record of this case which would support it. In particular, the statute in question makes no distinction between men and women, and the plaintiff introduced no evidence to show that it is administered so as to treat women differently from the way men in similar circumstances are treated.
With respect to the plaintiff's contention that her termination was economically involuntary, the court agrees with the Appeals Referee and the Board of Review. In essence, they said that while the plaintiff had compelling personal reasons for leaving her job, the state laws governing unemployment compensation do not permit an award in such circumstances.
The plaintiff's real quarrel is with the state legislature. In 1985, it overhauled the unemployment compensation laws and eliminated the right of employees to recover benefits under circumstances such as these. Administrative agencies and the courts are bound to enforce the laws as written, however. Changes in those laws may be effected only by action of the legislature. The Appeals Referee and the Board of Review properly interpreted and applied the statutes in this case. This court certainly acknowledges, as did those administrative agencies, that the law works a hardship on this plaintiff and others in her situation. Nevertheless, her appeal cannot be sustained under the law as presently constituted.
The defendant's motion dismissing the appeal is granted.
Maloney, J.